## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____

|  |  |  |
|---|---|---|
| EAST POINT SYSTEMS, INC., *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:13-cv-00215-VLB |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN MAXIM, *et al.,* | ) | |
| | ) | May 29, 2013 |
| | ) | |
| Defendants. | ) | |

_____

### DEFENDANTS CLEVELAND FIELD SYSTEMS, LLC AND EDWIN PAJEMOLA'S ANSWER, COUNTERCLAIM AND CROSS-CLAIM

Defendants Edwin Pajemola and Cleveland Field Systems, LLC, (collectively, the "Pajemola Defendants"), for their Answer to Plaintiffs' Complaint, respond as follows:

1.     The Pajemola Defendants deny the allegations contained in paragraphs 1 through 8 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

2.     The Pajemola Defendants admit the allegations contained in paragraphs 9 and 10 of Plaintiffs' Complaint.

3.     Paragraphs 11 through 16 of Plaintiffs' Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Pajemola Defendants deny the allegations contained in paragraphs 11 through 16 of Plaintiffs' Complaint.

4.     The Pajemola Defendants deny the allegations contained in paragraphs 17 through 58 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

5.     The Pajemola Defendants admit the allegations contained in paragraph 59 of Plaintiffs' Complaint.

6.     The Pajemola Defendants deny the allegations contained in paragraphs 60 and 61 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

7.     The Pajemola Defendants admit the allegations contained in paragraph 62 of Plaintiffs' Complaint.

8.     The Pajemola Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Complaint.

9.     The Pajemola Defendants admit the allegations contained in paragraph 64 of Plaintiffs' Complaint.

10.     The Pajemola Defendants deny the allegations contained in paragraphs 65 through 68 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

11.     The Pajemola Defendants deny the allegations contained in paragraph 69 of Plaintiffs' Complaint except admit that Pajemola was engaged to develop a full pledge order management system and a photo management website.

12.     The Pajemola Defendants deny the allegations contained in paragraph 70 of Plaintiffs' Complaint.

13.     The Pajemola Defendants deny the allegations contained in paragraphs 71 through 75 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

14.     The Pajemola Defendants deny the allegations contained in paragraph 76 of Plaintiffs' Complaint as they relate to Pajemola.  The Pajemola Defendants deny the remaining allegations contained in paragraph 76 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

15.     The Pajemola Defendants deny the allegations contained in paragraph 77 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

16.     The Pajemola Defendants deny the allegations contained in paragraph 78 of Plaintiffs' Complaint.

17.     The Pajemola Defendants deny the allegations contained in paragraph 79 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

18.     The Pajemola Defendants deny the allegations contained in paragraphs 80 and 81 of Plaintiffs' Complaint as they relate to Pajemola.  The Pajemola Defendants deny the remaining allegations contained in paragraphs 80 and 81 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

19.     The Pajemola Defendants deny the allegations contained in paragraphs 82 and 83 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

20.     The Pajemola Defendants admit the allegations contained in paragraph 84 of Plaintiffs' Complaint.

21.     The Pajemola Defendants deny the allegations contained in paragraph 85 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

22.     The Pajemola Defendants deny the allegations contained in paragraph 86 of Plaintiffs' Complaint.

23.     The Pajemola Defendants deny the allegations contained in paragraph 87 and 88 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

24.     The Pajemola Defendants deny the allegations contained in paragraph 89 of Plaintiffs' Complaint.

25.     The Pajemola Defendants deny the allegations contained in paragraphs 90 and 91 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

26.     The Pajemola Defendants deny the allegations contained in paragraphs 92 through 104 of Plaintiffs' Complaint except admit that Pajemola marketed a software program he developed named Field Navigator and that "webinars" were used in that marketing.  The Pajemola Defendants do not know if

a "marketing company" misrepresented itself as interested in Field Navigator in order to participate in a webinar to gather information for a possible competitor.

27.     The Pajemola Defendants deny the allegations contained in paragraph 105 of Plaintiffs' Complaint.

28.     The Pajemola Defendants deny the allegations contained in paragraph 106 of Plaintiffs' Complaint, except admit that Maxim Field Services, Inc. wrongfully claims to own Field Navigator.

29.     The Pajemola Defendants deny the allegations contained in paragraph 107 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

30.     The Pajemola Defendants deny the allegations contained in paragraphs 108 through 111 of Plaintiffs' Complaint as they relate to the Pajemola Defendants.  The Pajemola Defendants deny the remaining allegations contained in paragraphs 108 through 111 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

31.     The Pajemola Defendants deny the allegations contained in paragraphs 112 through 119 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

32.     In response to the allegations contained in paragraph 120 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by reference their responses contained in paragraphs 1 through 31 above as if fully rewritten.

33.     The Pajemola Defendants deny the allegations contained in paragraphs 121 through 124 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

34.     In response to the allegations contained in paragraph 125 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by reference their responses contained in paragraphs 1 through 33 above as if fully rewritten.

35.     The Pajemola Defendants deny the allegations contained in paragraphs 126 through 129 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

36.     In response to the allegations contained in paragraph 130 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by reference their responses contained in paragraphs 1 through 35 above as if fully rewritten.

37.     The Pajemola Defendants deny the allegations contained in paragraphs 131 through 134 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

38.     In response to the allegations contained in paragraph 135 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by reference their responses contained in paragraphs 1 through 37 above as if fully rewritten.

39.     The Pajemola Defendants deny the allegations contained in paragraphs 136 through 139 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

40.     In response to the allegations contained in paragraph 140 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by reference their responses contained in paragraphs 1 through 39 above as if fully rewritten.

41.     The Pajemola Defendants deny the allegations contained in paragraphs 141 through 143 of Plaintiffs' Complaint as they relate to Pajemola. The Pajemola Defendants deny the remaining allegations contained in paragraph 141 through 143 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

42.     The Pajemola Defendants deny the allegations contained in paragraph 144 of Plaintiffs' Complaint as they relate to Pajemola, except admit that Pajemola has not signed any documents transferring any rights to East Point.  The Pajemola Defendants deny the remaining allegations contained in paragraph 144 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

43.     The Pajemola Defendants deny the allegations contained in paragraph 145 of Plaintiffs' Complaint except admit that Berghorst Enterprises uses Field Navigator.

44.     The Pajemola Defendants deny the allegations contained in paragraph 146 of Plaintiffs' Complaint.

45.     In response to the allegations contained in paragraph 147 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by reference their responses contained in paragraphs 1 through 44 above as if fully rewritten.

46.     The Pajemola Defendants deny the allegations contained in paragraphs 148 through 153 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

47.     In response to the allegations contained in paragraph 154 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by reference their responses contained in paragraphs 1 through 46 above as if fully rewritten.

48.     The Pajemola Defendants deny the allegations contained in paragraphs 155 through 159 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

49.     In response to the allegations contained in paragraph 160 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by reference their responses contained in paragraphs 1 through 48 above as if fully rewritten.

50.     The Pajemola Defendants deny the allegations contained in paragraphs 161 through 165 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

51.     In response to the allegations contained in paragraph 166 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by

reference their responses contained in paragraphs 1 through 50 above as if fully rewritten.

52.     The Pajemola Defendants deny the allegations contained in paragraphs 167 through 174 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

53.     In response to the allegations contained in paragraph 175 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by reference their responses contained in paragraphs 1 through 52 above as if fully rewritten.

54.     The Pajemola Defendants deny the allegations contained in paragraph 176 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

55.     The Pajemola Defendants deny the allegations contained in paragraphs 177 through 184 of Plaintiffs' Complaint as they relate to the Pajemola Defendants, except admit Berghorst Enterprises and A & M Recovery Services use Field Navigator.  The Pajemola Defendants deny the remaining allegations contained in paragraphs 177 through 184 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

56.     In response to the allegations contained in paragraph 185 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by reference their responses contained in paragraphs 1 through 55 above as if fully rewritten.

57.     The Pajemola Defendants deny the allegations contained in paragraphs 186 through 191 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

58.     The Pajemola Defendants deny the allegations contained in paragraphs 192 through 198 of Plaintiffs' Complaint as they relate to the Pajemola Defendants.  The Pajemola Defendants deny the remaining allegations contained in paragraphs 192 through 198 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

59.     In response to the allegations contained in paragraph 199 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by reference their responses contained in paragraphs 1 through 58 above as if fully rewritten.

60.     The Pajemola Defendants deny the allegations contained in paragraphs 200 through 205 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

61.     The Pajemola Defendants deny the allegations contained in paragraphs 206 through 215 of Plaintiffs' Complaint as they relate to the Pajemola Defendants.  The Pajemola Defendants deny the remaining allegations contained in paragraphs 206 through 215 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

62.     In response to the allegations contained in paragraph 216 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by

reference their responses contained in paragraphs 1 through 61 above as if fully rewritten.

63.     The Pajemola Defendants deny the allegations contained in paragraphs 217 through 222 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

64.     The Pajemola Defendants deny the allegations contained in paragraph 223 of Plaintiffs' Complaint as they relate to the Pajemola Defendants. The Pajemola Defendants deny the remaining allegations contained in paragraph 223 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

65.     The Pajemola Defendants deny the allegations contained in paragraphs 224 and 225 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

66.     The Pajemola Defendants deny the allegations contained in paragraph 226 of Plaintiffs' Complaint, except admit Cleveland Field Systems provides software for use in the property preservation industry.

67.     The Pajemola Defendants deny the allegations contained in paragraphs 227 through 234 of Plaintiffs' Complaint as they relate to the Pajemola Defendants.  The Pajemola Defendants deny the remaining allegations contained in paragraphs 227 through 234 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

68.     In response to the allegations contained in paragraph 235 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by

reference their responses contained in paragraphs 1 through 68 above as if fully rewritten.

69.     The Pajemola Defendants deny the allegations contained in paragraphs 236 through 240 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

70.     The Pajemola Defendants deny the allegations contained in paragraphs 241 through 248 of Plaintiffs' Complaint as they relate to the Pajemola Defendants.  The Pajemola Defendants deny the remaining allegations contained in paragraphs 241 through 248 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

71.     In response to the allegations contained in paragraph 249 of Plaintiffs' Complaint, the Pajemola Defendants repeat and incorporate by reference their responses contained in paragraphs 1 through 70 above as if fully rewritten.

72.     The Pajemola Defendants deny the allegations contained in paragraphs 250 through 256 of Plaintiffs' Complaint as they relate to the Pajemola Defendants.  The Pajemola Defendants deny the remaining allegations contained in paragraphs 250 through 256 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

73.     The Pajemola Defendants deny each and every allegation contained in Plaintiffs' Complaint not specifically admitted.

**AFFIRMATIVE DEFENSES**

74.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

75.    Plaintiffs' claims are barred for the reason that Plaintiffs have suffered no compensable damages as a result of any alleged conduct by the Pajemola Defendants.

76.    Plaintiffs' request for equitable relief is barred by the doctrine of unclean hands.

77.    Plaintiffs' Complaint is barred due to failure of consideration.

78.    Plaintiffs' Complaint is barred due to want of consideration.

79.    Plaintiffs' claims are barred by 17 U.S.C. §107 as fair use.

80.    Plaintiffs' claims are barred by the work for hire doctrine.

81.    Plaintiffs' claims are barred as the Pajemola Defendants have taken no actions subjecting them to Connecticut's laws.

82.    Plaintiffs claims are barred, or subject to reduction, due to set-off and recoupment as more fully set forth in the Counterclaim attached hereto.

WHEREFORE, the Pajemola Defendants demand that Plaintiffs' Complaint be dismissed against them with prejudice, that judgment herein be entered in favor of the Pajemola Defendants, that the Pajemola Defendants' costs, including reasonable attorneys' fees, be assessed against Plaintiffs and that this Court order such other and further relief as it deems just and equitable.

**The Pajemola Defendants' Counterclaim Against Plaintiffs**

Defendants Cleveland Field Systems, LLC ("CFS") and Edwin Pajemola ("Pajemola") (collectively the "Pajemola Defendants"), for their Counterclaim against Plaintiffs East Point Systems, Inc. ("East Point"), Thomas Margarido ("T. Margarido"), Jason Margarido and Paul Taff (collectively "Plaintiffs") state as follows:

1.      Pajemola is an individual residing in Ohio.  Pajemola is a computer programmer.

2.      CFS is a limited liability company formed under the laws of Ohio. CFS is wholly owned by Pajemola.

3.      Since approximately 2005, Pajemola's programming has been focused in the "property preservation" industry.  This industry focuses on maintaining and repairing real property for mortgage holders.

4.      Pajemola developed a software system known as "Field Navigator" which provides members of the property preservation industry a "web-based" system for tracking and processing their orders.  Pajemola obtained copyright protection for Field Navigator on March 17, 2010.

5.      In December 2011, Berghorst Enterprises ("Berghorst") notified East Point that it intended to transistion from its software to Field Navigator.

6.      In response, T. Margarido, on behalf of East Point, made written and/or oral statements regarding the Pajemola Defendants which were false and defamatory.  Specifically, T. Margarido stated that he and East Point were currently suing Pajemola, that there would be an injunction against Field

Navigator's use in January, 2012, and that Field Navigator was "ripped off" from East Point's "system."

7.      While Berghorst continues to use Field Navigator, Berghorst has not introduced the Pajemola Defendants to others in the property preservation industry as a result of the false statements set forth above and the instant litigation.

8.      A & M Recovery Services ("A&M") is another vendor in the property preservation industry.  While A&M continues to use Field Navigator, A&M has not introduced the Pajemola Defendants to others in the property preservation industry as a result of false statements made by East Point similar to those set forth above and the instant litigation.

Count 1 – Defamation
(T. Margarido and East Point)

9.      The Pajemola Defendants incorporate by reference the allegations set forth in paragraphs 1 through 8 above.

10.     The written and/or oral statements and misrepresentations set forth above were false and constitute libel and slander.

11.     T. Margarido, on behalf of East Point, made such statements with actual malice, with knowledge of their falsity, and with the intent to harm the Pajemola Defendants.

12.     As a direct and proximate result of the defamatory statements, the Pajemola Defendants have sustained damages in an amount in excess of $25,000 to be determined at trial.

13.    T. Margarido and East Point's actions were intentional, reckless, willful, wanton, and malicious, and calculated to inflict harm on the Pajemola Defendants so as to justify an award of punitive damages and attorneys' fees.

**Count 2 – Tortious Interference with Business Expectancy**
<u>**(T. Margarido and East Point)**</u>

14.    The Pajemola Defendants incorporate by reference the allegations set forth in paragraphs 1 through 13 above.

15.    T. Margarido knew of the business relationships between the Pajemola Defendants,  Berghorst and A&M.

16.    Despite this knowledge, T. Margarido, on behalf of himself and East Point, made the false statements referenced above to Berghorst and A&M with the intention of convincing them to terminate their contracts with CFS and/or damage the Pajemola Defendants relationship with them.

17.    T. Margarido and East Point's interference with the contractual and business relationship between the Pajemola Defendants, Berghorst and A&M lacks justification and is improper.

18.    T. Margarido and East Point's acts as described above constitute tortious interference with the Pajemola Defendants contractual and business relationships.

19.    As a direct and proximate result of T. Margarido and East Point's tortious interference, the Pajemola Defendants have sustained damages in an amount in excess of $25,000 to be determined at trial.

20.     T. Margarido and East Point's actions were intentional, reckless, willful, wanton, and malicious, and calculated to inflict harm on the Pajemola Defendants so as to justify an award of punitive damages and attorneys' fees.

**Count 3 – Unfair Trade Practices**
**(T. Margarido and East Point)**

21.     The Pajemola Defendants incorporate by reference the allegations set forth in paragraphs 1 through 20 above.

22.     As set forth above, T. Margarido and East Point made false statements and misrepresentations regarding the Pajemola Defendants.

23.     Such false statements constitute unfair competition and/or unfair and deceptive acts in the conduct of any trade or commerce under Conn. Gen. Stat. §42-110b(a).

24.     T. Margarido made such statements with actual malice, with knowledge of their falsity, and with the intent to harm the Pajemola Defendants.

25.     As a direct and proximate result of the unfair competition and/or unfair and deceptive acts, the Pajemola Defendants have sustained damages in an amount in excess of $25,000 to be determined at trial.

26.     The Pajemola Defendants are entitled to an injunction to prohibit this conduct pursuant to Conn. Gen. Stat. §42-110g(a).

27.     The Pajemola Defendants are entitled to recover punitive damages and attorneys' fees pursuant to Conn. Gen. Stat. §§42-110g(a) and (d).

**Count 4 – Declaratory Judgment**
**(Plaintiffs)**

28.     The Pajemola Defendants incorporate by reference the allegations set forth in paragraphs 1 through 27 above.

29.     Plaintiffs' false statements as set forth above and the filing of this litigation have created an actual controversy regarding the ownership of Field Navigator, whether Field Navigator was copied from software developed by East Point and/or whether Field Navigator infringes on East Point's purported copyright.

30.     Pursuant to 28 U.S.C. §2201.01 *et seq.*, the Pajemola Defendants are entitled to an Order that Plaintiffs have no rights to Field Navigator, that Field Navigator was not copied from software developed by East Point and that Field Navigator does not constitute an infringement upon East Point's purported copyright.

**Count 5 – Abuse of Process**
**(Plaintiffs)**

31.     The Pajemola Defendants incorporate by reference the allegations set forth in paragraphs 1 through 30 above.

32.     Plaintiffs have instituted this legal process against the Pajemola Defendants for improper purposes, *i.e.*, to damage their business relatinships and to prevent them from successfully marketing Field Navigator.

33.     As a direct and proximate result of Plaintiffs' abuse of process, the Pajemola Defendants have sustained damages in an amount in excess of $25,000 to be determined at trial.

34.     Plaintiffs' actions were intentional, reckless, willful, wanton, and malicious, and calculated to inflict harm on the Pajemola Defendants so as to justify an award of punitive damages.

WHEREFORE, the Pajemola Defendants request that the Court enter judgment on their Counterclaim as follows:

A.     An order that Plaintiffs have no rights to Field Navigator, that Field Navigator was not copied from software developed by East Point and that Field Navigator does not constitute an infringement upon East Point's purported copyright;

B.     Awarding the Pajemola Defendants compensatory and punitive damages against Plaintiffs, jointly and severally in an amount to be proven at trial;

C.     Awarding the Pajemola Defendants pre-judgment and post-judgment interest, their costs, including their attorneys' fees, and any and all other and further relief which this Court deems just and equitable.


**The Pajemola Defendants' Crossclaim Against Defendant Maxim Field Service**

Defendants Cleveland Field Systems, LLC ("CFS") and Edwin Pajemola ("Pajemola") (collectively the "Pajemola Defendants"), for their Crossclaim against Defendant Maxim Field Service Supply, Inc. ("Maxim"), state as follows:

1.     Maxim is a corporation formed under Ohio law which is involved in the property preservation industry.  Maxim (or its affiliated companies) is generally hired by banks to preserve and maintain properties involved in the foreclosure process.  Maxim is not a software development company.

2.      Since 2005, Pajemola has been providing computer programming services for various companies involved in the property preservation industry, including, but not limited to, Maxim.

3.      In early 2010, Pajemola began developing a web based database for use in the property preservation industry.  Pajemola ultimately named this software "Field Navigator."  Maxim was offered an opportunity to invest in the software at that time, but declined.

4.      From February to July 2010, Pajemola proceeded to develop Field Navigator without any involvement or payment by Maxim.

5.      On or about August 13, 2010, Pajemola and Maxim entered into the agreement attached hereto as Exhibit A ("Agreement").

6.      The Agreement was for a term through August 15, 2011.  (Agreement ¶2.1).  Prior to that date, Maxim could only terminate the Agreement for "cause," "disability" or "death."  (Agreement ¶¶2.2, 2.3 and 2.4).

7.      The Agreement obligates Maxim to pay salary and bonuses and provide vacation and health insurance to Pajemola throughout its term. (Agreement ¶¶3.1, 3.2 and 3.3).

8.      The Agreement also obligates Maxim to make additional payments to Pajemola related to Field Navigator.  (Agreement ¶4.2).

9.      Maxim and/or other related entities, Maxim Enterprises, Inc. and/or S2K, Inc. have been using Field Navigator continuously since August 2010.

10.     Prior to the end of the term of the Agreement, Maxim stopped paying Pajemola's salary and stopped making the payments related to Field Navigator.

Maxim has never provided any notice of Pajemola's alleged violation of the terms of the Agreement.  Maxim ceased providing Pajemola with health insurance. Maxim never made any bonus payments.  Pajemola never received any paid vacation.

11.    Maxim has not made any payments to Pajemola or CFS for its continued use of Field Navigator.

12.    Maxim's conduct as outlined above constitutes a material breach of the Agreement, excusing any further performance by Pajemola under the Agreement.

13.    Pursuant to Ohio Rev. Code §2721.01 *et seq.* and/or 28 U.S.C. §2201.01 *et seq.*, Pajemola is entitled to an Order that Maxim has no rights under the Agreement and/or to Field Navigator.

14.    In the alternative, Pajemola is entitled to damages in an amount in excess of $25,000 as a result of Maxim's breaches of the Agreement.

WHEREFORE, the Pajemola Defendants demand that the Court enter judgment on their Crossclaim as follows:

A.    An order that Maxim has no rights under the Agreement and/or to Field Navigator;

B.    Awarding the Pajemola Defendants compensatory damages in an amount to be proven at trial;

C.    Awarding the Pajemola Defendants pre-judgment and post-judgment interest, their costs, including their attorneys' fees, and any and all other and further relief which this Court deems just and equitable.

Respectfully submitted,

**DEFENDANTS**
**EDWIN PAJEMOLA AND**
**CLEVELAND FIELD SYSTEMS, LLC**

By: _____/s/_____
     Edward R. Scofield

     Zeldes, Needle & Cooper, P.C.
     1000 Lafayette Blvd., Suite 500
     Bridgeport, CT 06604
     Tel: 203-333-9441
     Fax: 203-333-1489
     Email: escofield@znclaw.com

Their Attorney

Of Counsel:

Timothy L. McGarry
Henderson & Schmidlin Co., LPA
840 Brainard Road
Highland Heights, OH  44143
Phone:  440-720-0379
Fax:  440-720-0385
Email:  tmcgarry@hendersonschmidlin.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2013 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

_____/s/_____
Edward R. Scofield
