UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EAST POINT SYSTEMS, INC., ) <br> THOMAS MARGARIDO, JASON ) <br> MARGARIDO, AND PAUL TAFF ) <br> ) <br>    Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> STEVEN MAXIM, S2K, INC., MAXIM ) <br> ENTERPRISES, INC., MAXIM FIELD ) <br> SERVICE SUPPLY, INC., EDWIN ) <br> PAJEMOLA, AND CLEVELAND FIELD ) <br> SYSTEMS, LLC ) <br> ) <br>    Defendants. ) | <br><br><br><br><br><br>CIVIL ACTION NO. 3:13-cv-215-VLB<br><br><br><br><br><br><br><br><br><br>JULY 8, 2013 |

**PLAINTIFFS' ANSWER TO DEFENDANT, EDWIN PAJEMOLA AND CLEVELAND FIELD SYSTEMS, LLC'S COUNTERCLAIM**

Plaintiffs, East Point Systems, Inc. (hereinafter "EPS"), Thomas Margarido (hereinafter "T.Margarido"), Jason Margarido (hereinafter "J.Margarido"), and Paul Taff ("hereinafter "P.Taff") (collectively "Plaintiffs") in the above entitled matter hereby respond to defendants, Edwin Pajemola (hereinafter as "Pajemola") and Cleveland Field Systems, LLC (hereinafter "CFS") counterclaim [Docket Entry No. 32] as follows:

1. Plaintiffs admit the first sentence of paragraph 1. Plaintiffs lack sufficient information to admit or deny the allegations in second sentence of paragraph 1; to the extent an answer is required, Plaintiffs deny.

2. Plaintiffs admit the first sentence of paragraph 2.  Plaintiffs lack sufficient information to admit or deny the allegations in second sentence of paragraph 2; to the extent an answer is required, Plaintiffs deny.

3. Plaintiffs lack sufficient information to admit or deny the allegation in paragraph 3; to the extent an answer is required, Plaintiffs deny.

4. Plaintiffs lack sufficient information to admit or deny the allegation in paragraph 4; to the extent an answer is required, Plaintiffs deny.  Plaintiffs further answer that the second sentence contains a conclusion of law to which no response is required.

5. Plaintiffs deny the allegations in paragraph 5.

6. Plaintiffs deny the allegations in paragraph 6.  Plaintiffs further answer that the first sentence contains a conclusion of law to which no response is required.

7. Plaintiffs lack sufficient information to admit or deny the allegations in paragraph 7; to the extent an answer is required, Plaintiffs deny.

8. Plaintiffs admit the first sentence of paragraph 8.  Plaintiffs lack sufficient information to admit or deny the allegations in the second sentece of paragraph 8; to the extent an answer is required, Plaintiffs deny.

**Count 1-Defamation (T. Margarido and East Point)**

9. Plaintiffs incorporate by reference their answer to the allegations set forth in paragraphs 1 through 8 above.

10. The allegations in paragraph 10 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

11. Plaintiffs deny the allegations in Paragraph 11.

12. The allegations in paragraph 12 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

13. The allegations in paragraph 13 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

**Count 2-Tortious Interference with Business Expectancy (T. Margarido and East Point)**

14. Plaintiffs incorporate by reference their answer to the allegations set forth in paragraphs 1 through 13 above.

15. Plaintiffs deny the allegations in Paragraph 15.

16. Plaintiffs deny the allegations in Paragraph 16.

17. The allegations in paragraph 17 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

18. The allegations in paragraph 18 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

19. The allegations in paragraph 19 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

20. The allegations in paragraph 13 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

**Count 3-Unfair Trade Practices (T. Margarido and East Point)**

21. Plaintiffs incorporate by reference their answer to the allegations set forth in paragraphs 1 through 20 above.

22. Plaintiffs deny the allegations in Paragraph 22.

23. The allegations in paragraph 23 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

24. Plaintiffs deny the allegations in Paragraph 24.

25. The allegations in paragraph 25 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

26. The allegations in paragraph 26 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

27. The allegations in paragraph 27 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

**Count 4-Declaratory Judgment (Plaintiffs)**

28. Plaintiffs incorporate by reference their answer to the allegations set forth in paragraphs 1 through 27 above.

29. The allegations in paragraph 29 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

30. The allegations in paragraph 30 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

**Count 5-Abuse of Process (Plaintiffs)**

31. Plaintiffs incorporate by reference their answer to the allegations set forth in paragraphs 1 through 30 above.

32. Plaintiffs deny the allegations in Paragraph 32.

33. The allegations in paragraph 33 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

34. The allegations in paragraph 34 set forth a conclusion of law to which no response is required; to the extent a response is required, Plaintiffs deny.

**Further and Affirmative Defenses**

**First Defense:**

The Counterclaim of Pajemola and CFS fails to state a claim upon which relief can be granted.

**Second Defense:**

Pajemola and CFS are barred in equity from claiming or recovering any relief for the allegations alleged in the Counterclaim because of its conduct and the doctrine of unclean hands.

**Third Defense:**

Pajemola and CFS failed to exercise reasonable care and diligence to mitigate any alleged damages.

**Fourth Defense:**

Pajemola and CFS have not sustained any legally cognizable injury and therefore lack standing.

**Fifth Defense:**

The harms alleged in the Counterclaim, if any, were caused by factors, persons, or entities other than Plaintiffs or persons under Plaintiffs' direction and control.

**Sixth Defense:**

The harms alleged in the Counterclaim, if any, resulted from the acts, errors and/or omissions of Pajemola and/or CFS.

**Seventh Defense:**

Pajemola and CFS are not entitled to any recovery from Plaintiffs because the alleged damages, if any, are speculative.

**Eighth Defense:**

Pajemola and CFS are not entitled to any recovery from Plaintiffs because any alleged false or misleading statements or omissions attributable to Plaintiffs, which Plaintiffs deny, were not material.

**Ninth Defense:**

Pajemola and CFS are barred from claiming or obtaining injunctive relief on the grounds that adequate legal remedies exist.

**Tenth Defense:**

Any and all allegedly defamatory statements made by Plaintiffs were either true statements of fact or non-actionable statements of opinion.

**Eleventh Defense:**

Counts 1, 2, 3, and 5 of the Counterclaim of Pajemola and CFS may not be brought against Plaintiffs as Plaintiffs are immune from suit and the causes are barred by the litigation privilege.

**Twelfth Defense:**

One or more of the copyright registrations allegedly held by Pajemola and/or CFS are invalid and/or unenforceable.

**Thirteenth Defense:**

The claims for tortious interference with business expectancy and violation of Conn.Gen.Stat. sec. 42-110b are barred, because Plaintiffs' actions were privileged because they were taken in a good faith effort to compete with the Pajemola and/or CFS and/or Plaintiffs had an equal or superior interest in the subject matter of the prospective economic advantage.

**Fourteenth Defense:**

Pajemola and CFS are barred from recovery, because of their breaches of contract, and by their breaches of the covenants and conditions including the covenant of good faith and fair dealing, thereby extinguishing and terminating the duties allegedly owed by Plaintiffs, and/or reducing or abating the amount of damages to which Pajemola and/or CFS are entitled, if any.

**Fifteenth Defense:**

The actions complained of were made without malice or wrongful intent on the part of Plaintiffs and in reasonable and good faith belief of their legal right to perform the actions complained of.

**Sixteenth Defense:**

Punitive damages may be limited or denied to the extent such would violate the Fifth and Fourteenth Amendments to the United States Constitution.

Plaintiffs reserve the right to assert any additional defenses supported by information obtained through discovery or other means and reserve their right to amend their Answer to assert such additional defenses in the future.

WHEREFORE Plaintiffs/Defendants-in-Counterclaim pray that Pajemola and CFS take nothing by the Counterclaim and that Plaintiffs be awarded judgment in this action, attorneys' fees in an amount to be determined, and the costs of suit incurred herein.

Date: July 8, 2013

By: /s/ Jay M. Wolman
Jay M. Wolman ct29129
Bruce H. Raymond ct04981
Raymond Law Group LLC
90 National Drive, Suite 3
Glastonbury, CT 06033
P: 860-633-0580
F: 860-633-0438
wolman@raymondlawgroup.com
raymond@raymondlawgroup.com
Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Date:  July 8, 2013                              /s/ Jay M. Wolman
                                                 Jay M. Wolman