IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EAST POINT SYSTEMS, INC., et al. ) | CIVIL CASE NO. #3:13-cv-00215-VLB |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | |
| ) | |
| STEVEN MAXIM, et al. ) | |
| ) | |
| Defendants ) | JULY 18, 2013 |

### ANSWER OF MAXIM FIELD SERVICE SUPPLY, INC. TO CROSSCLAIM

Defendant Maxim Field Service Supply, Inc. ("Maxim Field Supply") hereby answers the Pajemola Defendants' Crossclaim Against Maxim Field Service ("Crossclaim") as follows:

1. Maxim Field Supply admits that it or its affiliated companies are involved in the property preservation industry, but denies the remaining allegations contained within paragraph 1 of the Crossclaim; specifically, but without limiting the generality of the foregoing, Maxim Field Supply has developed computer software.

2. As to the allegations of Paragraph 2 of the Crossclaim, Maxim Field Supply lacks knowledge or information sufficient to form a belief and therefore leaves the Pajemola Defendants to their proof.

3. As to the allegations of Paragraph 3 of the Crossclaim, Maxim Field Supply lacks knowledge or information sufficient to form a belief and therefore leaves the Pajemola Defendants to their proof.

1

4. As to the allegations of Paragraph 4 of the Crossclaim, Maxim Field Supply lacks knowledge or information sufficient to form a belief and therefore leaves the Pajemola Defendants to their proof.

5. Maxim Field Supply admits the allegations of Paragraph 5 of the Crossclaim.

6. Maxim Field Supply admits the authenticity of the document attached as Exhibit A, but denies the remaining allegations contained within paragraph 6 of the Crossclaim.

7. Maxim Field Supply admits the authenticity of the document attached as Exhibit A, but denies the remaining allegations contained within paragraph 7 of the Crossclaim.

8. Maxim Field Supply admits the authenticity of the document attached as Exhibit A, but denies the remaining allegations contained within paragraph 8 of the Crossclaim.

9. Maxim Field Supply admits the allegations of Paragraph 9 of the Crossclaim.

10. Maxim Field Supply denies the allegations contained within paragraph 10 of the Crossclaim; specifically, but without limiting the generality of the foregoing, Maxim Field Supply denies it violated any contractual obligation, but that the Pajemola Defendants breached the contract attached to the Crossclaim as Exhibit A.

11. Maxim Field Supply denies the allegations contained within paragraph 11 of the Crossclaim; specifically, but without limiting the generality of

23120.000/585238.1

the foregoing, Maxim Field Supply denies it violated any contractual obligation, but that the Pajemola Defendants breached the contract attached to the Crossclaim as Exhibit A.

12. Maxim Field Supply denies the allegations contained within paragraph 12 of the Crossclaim; specifically, but without limiting the generality of the foregoing, Maxim Field Supply denies it violated any contractual obligation, but that the Pajemola Defendants breached the contract attached to the Crossclaim as Exhibit A.

13. Maxim Field Supply denies the allegations contained within paragraph 13 of the Crossclaim; specifically, but without limiting the generality of the foregoing, Maxim Field Supply denies it violated any contractual obligation, but that the Pajemola Defendants breached the contract attached to the Crossclaim as Exhibit A.

14. Maxim Field Supply denies the allegations contained within paragraph 14 of the Crossclaim; specifically, but without limiting the generality of the foregoing, Maxim Field Supply denies it violated any contractual obligation, but that the Pajemola Defendants breached the contract attached to the Crossclaim as Exhibit A.

23120.000/585238.1

## AFFIRMATIVE DEFENSES

Maxim Field Supply states for its affirmative defenses to the Crossclaim as follows:

### First Affirmative Defense

The Pajemola Defendants actions, or failures to act, prevent them from seeking the relief requested within the complaint on the basis of estoppel or waiver.

### Second Affirmative Defense

The Pajemola Defendants' failures to follow the procedures required within Ohio Rev. Code § 2721.01, et seq., and 28 U.S.C. § 2201.01, et seq., prevent them from obtaining the relief requested within the Crossclaim.

### Third Affirmative Defense

The clauses cited by Pajemola Defendants within the documents attached as Exhibit A to the Crossclaim are not binding because of failure of consideration, and otherwise are contrary to public policy.

### Fourth Affirmative Defense

The property preservation computer system referenced within the Crossclaim was produced, paid for and owned by Maxim Field Supply, and not any of the Pajemola Defendants.

23120.000/585238.1

        **Defendants**
        **Steven Maxim, S2k, Inc., Maxim Enterprises, Inc., and Maxim Field Service Supply, Inc.**

By: **/s/ Sidney Freeman**
        **Sidney N. Freeman,** *pro hac vice*
        **Robert McNamara,** *pro hac vice*
        **McNamara, Demczyk Co., L.P.A.**
        **12370 Cleveland Avenue**
        **Uniontown, OH 44685**
        **Phone 330-699-6703**
        **Fax 330-699-4803**
        **snfreeman@mddattorneys.com**
        **rmcnamara@mddattorneys.com**

        **Brian O'Donnell**
        **Federal Bar No. ct16041**
        **Mary E. Mintel**
        **Federal Bar No. ct28994**
        **Reid and Riege, P.C.**
        **One Financial Plaza**
        **Hartford, CT 06103**
        **Phone 860.278.1150**
        **Fax 860.240.1002**
        **bodonnell@rrlawpc.com**
        **mmintel@rrlawpc.com**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of July, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                            /s/ Mary E. Mintel

23120.000/585238.1