**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **EAST POINT SYSTEMS, INC., et al.,** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION NO.** |
| | : | **3:13-cv-00215 (VLB)** |
| **v.** | : | |
| | : | |
| **STEVEN MAXIM, et al.,** | : | **June 3, 2014** |
| **Defendants.** | : | |

**ORDER DENYING MOTION FOR PROTECTIVE ORDER [Dkt. #57]**

The parties jointly moved for entry of a stipulated protective order attached as Exhibit A to the motion.  The Motion is GRANTED in part and DENIED in part for the reasons and to the extent provided herein, without prejudice to refilling if the parties seek further consideration of the matter.

The Local Rules specify that "[n]o document shall be sealed merely by stipulation of the parties.  A confidentiality order or protective order entered by the Court to govern discovery shall not qualify as an order to seal documents for purposes of this rule.  Any document filed under seal in the absence of a Court order to seal it is subject to unsealing without prior notice to the parties."  D. Conn. L. R. 5(e)3.  Further, "[n]o judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document.  Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."  *Id.*  These rules embody the principles articulated by the United

1

States Supreme Court in *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), and its progeny.  *See Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986).

The Second Circuit has held that the qualified right of public access to the courts applies in civil proceedings.  *See Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984) ("we agree . . . that the First Amendment does secure to the public and to the press a right of access to civil proceedings in accordance with the dicta of the Justices in *Richmond Newspapers*, because public access to civil trials enhances the quality and safeguards the integrity of the factfinding [sic] process, . . . fosters an appearance of fairness, . . . and heightens public respect for the judicial process, . . . while permitting the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self government." (citations omitted)); *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012) ("we have concluded that the First Amendment guarantees a qualified right of access not only to criminal but also to civil trials and to their related proceedings and records.").  The Second Circuit has extended this right to access to cover, among other things, summary judgment motions and documents relied upon in adjudicating those motions and, more generally, court docket sheets.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (summary judgment motions); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) (civil docket sheets).

2

The presumptive right of access prevails unless it is overcome by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim. *Lugosch*, 435 F.3d at 124.  "Broad and general findings" by the court, however, "are not sufficient to justify" sealing the documents.  *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *United States v. Aref*, 533 F.3d 72, 82-83 (2d Cir. 2008) (applying the strict scrutiny standard in reviewing orders to seal).

The proposed protective order here authorizes the parties to seal documents automatically, in that it provides that "the said papers shall be preliminarily deemed sealed as there is [unspecified] good cause to suggest that the Parties have, in good faith, represented that the papers contain confidential trade secrets that would otherwise cause irreparable harm if disclosed."  [Dkt. #57-3, Stipulated Protective Order, p. 14].  While "[a] statute mandating or permitting the non-disclosure of a class of documents (e.g., personnel files, health care records, or records of administrative proceedings) provides sufficient authority to support an order sealing such documents," counsel in this case have cited no fact or law upon which the Court can discharge its duty to make the particularized factual findings as required by the United States Constitution as reflected in the local rules.  D. Conn. L. R. 5(e)3.

Our local rules provide three procedures for seeking a sealing order. Counsel may file a motion to seal (1) with the document sought to be sealed, (2) without the document sought to be sealed, or (3) file a motion to seal with a

request for *in camera* review of the document sought to be sealed.  The Court suggests the parties revise the proposed protective order to specify the method to be used with the understanding that any document filed that the Court does not seal will become public.  Thus, where a law affords the basis of a request to seal, such as for medical records or social security numbers, the parties may wish to elect the first option and present such motion to the Court.  Where counsel are confident that there are compelling reasons that outweigh the public's right of access to the courts as prescribed by the Constitution, they may choose to use option two.  However, if counsel wish to assure that the document is not made public they should seek *in camera* review.

Accordingly, as provided in the Local Rules pertaining to sealing, while no document shall be "deemed sealed," absent an order of the court, a party may seek permission of the court to submit the documents sought to be sealed for *in camera* consideration, thereby avoiding the inadvertent public filing of the document.  Counsel are reminded of the need to provide the Court with particularized facts from which the Court could find that the document should be sealed.  Counsel are further reminded that their unilateral determination or mutual agreement that a document should be sealed is insufficient for the Court to make the requisite findings.

If the Court agrees to review documents *in camera*, counsel shall submit to chambers and shall serve on all counsel of record copies of the documents sought to be sealed and shall file a motion to seal, a memorandum of law in

4

support of the motion, and supporting documents.  If counsel want the motion to seal, memorandum or supporting documents to be considered as documents to be sealed, counsel shall submit those documents in a sealing envelope of the type described in Local Rule 5(e)4(a), and its contents shall be treated as a sealed document unless the motion to seal is denied or until otherwise directed by the Court.  If the Court grants the motion to seal in whole or in part, counsel shall file any redacted copies of the documents required by the Court's sealing order and shall submit to the Clerk the unredacted documents to be sealed in a sealing envelope in accordance with D. Conn. L. Rule 5(e)4(d).

For the foregoing reasons, the parties' [Dkt. #57] Motion for a Protective Order is GRANTED in part as specified herein and DENIED in part to the extent inconsistent with the foregoing, without prejudice to refiling in accordance with this order and Local Rule 5(e).

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: June 3, 2014

5