UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EAST POINT SYSTEMS, INC., THOMAS MARGARIDO, JASON MARGARIDO, AND PAUL TAFF <br><br> Plaintiffs, <br><br> vs. <br><br> STEVEN MAXIM, S2K, INC., MAXIM ENTERPRISES, INC., MAXIM FIELD SERVICE SUPPLY, INC., EDWIN PAJEMOLA, AND CLEVELAND FIELD SYSTEMS, LLC <br><br> Defendants. | ) ) ) ) ) ) ) ) CIVIL ACTION NO. 3:13-cv-215-VAB ) ) ) ) ) ) ) MARCH 31, 2015 ) ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' RENEWED MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS EDWIN PAJEMOLA AND CLEVELAND FIELD SYSTEMS, LLC

The Plaintiffs, East Point Systems, Inc. ("EPS"), Thomas Margarido ("T. Margarido"), Jason Margarido ("J. Margarido") and Paul Taff ("Taff") (collectively "Plaintiffs") seek an order[2] compelling Defendants Edwin Pajemola and Cleveland Field Systems, LLC, to comply with the following discovery requests:

- Exhibit A: Plaintiffs' Interrogatories to Defendant, Cleveland Field Systems, LLC

- Exhibit B: Plaintiffs' Request for Production to Defendant Cleveland Field Systems, LLC

- Exhibit C: Plaintiffs' Interrogatories to Defendant, Edwin Pajemola

---

[2] Plaintiffs originally sought the relief sought herein by motion of December 31, 2014 (ECF No. 128). That motion was denied on March 19, 2015 (ECF No. 133) without prejudice due to the absence of an affidavit per Local Rule 37(a), as a certification had been submitted in lieu thereof. An affidavit of compliance with Local Rule 37(a) is filed herewith, denoting further good faith efforts to contact Mr. Pajemola and Cleveland Field Systems.

- Exhibit D: Plaintiffs' Requests for Production to Defendant Edwin Pajemola.

In addition, Plaintiffs seek an order finding Defendant Pajemola in contempt for failure to comply with the subpoena duces tecum appearing at Exhibit E.

## **STATEMENT OF FACTS**

This action arises from a dispute concerning CFS and Pajemola's unlawful and unauthorized use and copying of EPS's copyright-protected software after EPS granted access to Pajemola pursuant to a Software Source Code Access and Indemnification Agreement. See, Exhibit F of Verified Complaint, ECF No. 1-6. Pajemola violated the Software Source Code Access and Indemnity Agreement with EPS by accessing and using the confidential and copyright protected information of EPS. See generally, Verified Complaint, ECF No. 1. Using this confidential information, Pajemola created CFS to compete with EPS. See, id.

Whereupon Plaintiffs have brought the instant litigation against Pajemola and CFS for breach of contract, tortious interference with business expectancy, violations of the Connecticut Uniform Trade Secrets Act, Conn. Gen. Stat. §§ 35-50, *et. seq.*, violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110g, *et. seq.*, computer-related offense, Conn. Gen. Stat. § 53a-251, copyright infringement pursuant to 17 U.S.C. § 501, and for imposition of a constructive trust. See, id.

Pajemola and CFS filed a five-count counterclaim, dated May 29, 2013. See, Defendants Cleveland Field Systems, LLC and Edwin Pajemola's Answer, Counterclaim and Cross-Claim, ECF No. 32. Count I is for Defamation against Thomas Margarido and East Point Systems, Inc. Count II is for Tortious Interference with Business Expectancy against Thomas Margarido and East Point Systems, Inc. Count III is for

alleged violation of Connecticut's Unfair Trade Practices Act against Thomas Margarido and East Point Systems, Inc.  Count IV seeks a Declaratory Judgment against all Plaintiffs. Count V alleges Abuse of Process. The sole basis for all these claims is that Thomas Margarido allegedly advised unspecified persons that he and East Point Systems were pursuing litigation, including injunctive relief, against Pajemola, based on Pajemola's copyright infringement.  See, ECF No. 32, at p. 14, paragraph 6.

The litigation also involves claims and counterclaims against Steven Maxim and three entities he controlled relative to the software.  Mr. Pajemola worked for one or more of these entities and worked on the software program for them.

## **ARGUMENT**

Pursuant to Fed.R.Civ.P. 33 and 34, Defendants were required to respond to Plaintiffs' discovery requests on or before June 22, 2014.[3]  It is well established that:

> A party has failed to respond to interrogatories within the mandated time frame of the Federal Rules of Civil Procedure if that party has failed to "serve its answers and any objections within 30 days after being served with the interrogatories," Fed. R. Civ. P. 33 (b)(2). Similarly, with respect to requested production of documents, "[t]he party to whom the request is directed must respond in writing within 30 days after being served," Fed. R. Civ. P. 34(b)(2)(A).

Longobardi v. United States, 2013 U.S. Dist. LEXIS 171479, 2-3 (D. Conn. Dec. 5, 2013).  Defendants Pajemola and Cleveland Field Systems failed to respond.  Thus, an order compelling such responses is proper.  See, id.

---

[3] Although Local Rule 37(b)(1) requires Plaintiffs to provide "a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed", this is not a case where Defendants make objection to particular items.  They have wholly ignored the discovery requests, thus Plaintiffs' specific reason is that the rules require a response.  Generally, Plaintiffs' requests encompass matters that may enable Plaintiffs to obtain potentially relevant information.  See, e.g., Yaa Asante-Addae v. Sodexo, Inc., 2014 U.S. Dist. LEXIS 67364 (D. Conn. May 16, 2014)(Bryant, U.S.D.J.).

Separately, Plaintiffs served upon Defendant Pajemola a subpoena duces tecum per Fed.R.Civ.P. 45, to require him to produce:

> "The 2009 MacBook identified by you at your deposition, as appearing on page 30 of the transcript thereof, that you used to work on the software referred to as "Field Navigator" and any other electronic devices which presently or formerly contained communications or work product related to software development."

to Plaintiffs' computer forensicist.  See, Exhibit E.  Defendant Pajemola failed to comply.

The Court may compel such production:

> "Rule 45 thus provides for the service of a subpoena to produce and "permit inspection, copying, testing, or sampling" of "designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii), (a)(1)(D). …"At any time, on notice to the commanded person, the serving  party may move the issuing court for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(B)(i).

<u>Tucker v. Am. Int'l Group, Inc.</u>, 281 F.R.D. 85, 90-91 (D. Conn. 2012).  The discovery sought is key because, as set forth therein, this is the computer that contains Mr. Pajemola's version or versions of the software and code that are the subject of the claims and counterclaims of the parties.

## **Conclusion**

In light of the foregoing, Defendants Pajemola and Cleveland Field Systems, LLC, should be compelled to answer the interrogatories, respond to the document requests, and comply with the subpoena.  A proposed order appears at Exhibit H.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Plaintiffs, |
| Date:  March 31, 2015 | By: <u>/s/ Jay M. Wolman</u><br>Jay M. Wolman ct29129<br>Bruce H. Raymond ct04981<br>Raymond Law Group LLC<br>90 National Drive, Suite 3<br>Glastonbury, CT 06033 |

P: 860-633-0580  
F: 860-633-0438  
wolman@raymondlawgroup.com  
Raymond@raymondlawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

And by MAIL TO

Edwin Pajemola
4223 Morely Drive
Reminderville, OH 44202

Cleveland Field Systems, LLC
4223 Morely Drive
Reminderville, OH 44202

Date:  March 31, 2015                                         /s/ Jay M. Wolman
                                                                              Jay M. Wolman