UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EAST POINT SYSTEMS, INC., THOMAS MARGARIDO, JASON MARGARIDO, AND PAUL TAFF | : : : : |
| Plaintiffs, | : CIVIL ACTION NO.: 3:13-cv-00215-VAB |
| v. | : : : |
| STEVEN MAXIM, S2K, INC., MAXIM ENTERPRISES, INC., MAXIM FIELD SERVICE SUPPLY, INC., EDWIN PAJEMOLA, AND CLEVELAND FIELD SYSTEMS, LLC | : : : APRIL 30, 2015 : : |
| Defendants. | : |

## RULING ON PLAINTIFFS' MOTION TO COMPEL

**I.   INTRODUCTION**

Plaintiffs East Point Systems, Inc. ("EPS"), Thomas Margarido, Jason Margarido, and Paul Taff (collectively, "Plaintiffs") move to compel Defendants Edwin Pajemola ("Pajemola") and Cleveland Field Systems, LLC ("CFS") to respond to certain interrogatories and production requests served upon them.  In addition, Plaintiffs seek an order finding Pajemola in contempt for failing to comply with a subpoena duces tecum and compelling Pajemola to comply with the same.  Plaintiffs also seek to recover their expenses in bringing this motion.

For the reasons set forth below, Defendants Pajemola and CFS are ordered to respond to Plaintiffs' interrogatories, production requests, and subpoena within 14 days after the date of this Order in accordance with D. Conn. L. Civ. R. 37(d).  However, the Court will not hold Defendant Pajemola in contempt.  Accordingly, Plaintiffs' Motion to Compel (ECF No. 135) is GRANTED IN PART and DENIED IN PART.

1

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a dispute concerning the alleged unlawful use and copying of software owned by EPS.  Plaintiffs allege that Defendant Pajemola accessed the "confidential back-end" of EPS's software and developed competing software for Defendant CFS in violation of a Software Source Code Access and Indemnification Agreement.  (*See* Verified Compl. at 10-11.)  Plaintiffs claim breach of contract, tortious interference with business expectancy, violation of the Connecticut Unfair Trade Secrets Act, violation of the Connecticut Unfair Trade Practices Act, computer-related offense, copyright infringement, and imposition of constructive trust.  (*See id.* at 18, 22-30).

Counsel for Defendants Pajemola and CFS withdrew as of March 24, 2014 citing their inability to reach their clients despite repeated efforts in order to comply with discovery obligations.  (Mot. Withdraw Counsel at 1, ECF No. 70.)  Pajemola and CFS have been *pro se* since that time, and have failed to respond to a subpoena, to attend a deposition, and to answer interrogatories, requests for admissions, and requests for production.

## III.    STANDARD OF REVIEW

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, *inter alia*, "a party fails to answer an interrogatory submitted under Rule 33" or "fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  A party has failed to answer interrogatories timely if that party has failed to "serve its answers and any objections within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 33(b)(2).  Similarly, with respect to requests for

production of documents, "[t]he party to whom the request is directed must respond in writing within 30 days after being served" and "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(A)-(B).

With respect to the substance of discovery requests, parties may obtain discovery regarding any non-privileged matter that is relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1).  In this context, relevance is viewed broadly in that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*; *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevance under Rule 26(b)(1) is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").  The scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26.  *Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437 CFD, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) (citing Fed. R. Civ. P. 45 Advisory Committee Notes to 1970 Amendment and 9A Wright & Miller, *Federal Practice and Procedure* § 2459).

## IV. DISCUSSION

### A. Interrogatories and Production Requests

On or about May 23, 2014, Plaintiffs served the following discovery requests:

1. Interrogatories and production requests to CFS generally requesting information related to the development, features, sale, and marketing of the competing software, as well as information related to Defendants' counterclaims.  CFS failed to

3

respond within 30 days as required by Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A).

2. Interrogatories and production requests to Pajemola generally requesting information related to the development, features, sale, and marketing of the competing software, as well as information related to Defendants' counterclaims. Pajemola failed to respond within 30 days as required by Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A).

The Court concludes that these discovery requests were reasonably calculated to lead to the discovery of admissible evidence because they sought information regarding the software that is the subject of this action and information directly related to Defendants' counterclaims. Accordingly, the motion to compel with respect to these requests is GRANTED.

### B. Subpoena Duces Tecum

#### i. Compliance

In March 2014, Plaintiffs served a subpoena duces tecum (the "Subpoena") on Pajemola commanding production of a 2009 MacBook computer allegedly used to develop the competing software, as well as any other electronic devices presently or formerly containing communications or work product related to the development of the competing software. (*See* Pls.' Mot. Compel, Ex. E, ECF No. 135-8.)   Pajemola has not complied with the Subpoena. This Court has the authority under Fed. R. Civ. P. 45(d)(2)(B)(i) to compel compliance with a subpoena.

Plaintiffs assert that the 2009 MacBook computer contains versions of the competing software that are the subject of the claims and counterclaims of the parties.

The Court concludes that the Subpoena is therefore reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the motion to compel with respect to the Subpoena is GRANTED.

### ii. Contempt

Plaintiffs also move for an order holding Pajemola in contempt for failing to comply with the Subpoena. If a commanded party "fails without adequate excuse to obey the subpoena," the court may hold that party in contempt. Fed. R. Civ. P. 45(g); *see Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991) (failure to comply with subpoena duces tecum can constitute contempt of court).

Pajemola did not timely object to the Subpoena pursuant to Fed. R. Civ. P. 45(d)(2)(B), failed to obey the Subpoena, and has offered no excuse for his failure. Nevertheless, the Court declines to hold Pajemola in contempt at this time. Pajemola has not been represented by counsel since March 2014. Additionally, Plaintiffs have not diligently pursued this matter, waiting over eight months before seeking to compel compliance with the Subpoena. Moreover, there is no indication or allegation of bad faith on Pajemola's part. *See Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994) (declining to impose sanctions for failure to comply with subpoena because there was "no indication of bad faith on the part of the defendant or the defendant's attorney."). Plaintiffs' motion to hold Pajemola in contempt is DENIED without prejudice to renewal if Pajemola fails to comply with this Order.

**C.      Costs**

Plaintiffs ask the Court to order Defendants CFS and Pajemola to pay the costs of bringing this motion.  (Pls.' Mot. Compel at 1.)  The Court finds that such an award is appropriate in this case, but only as to Plaintiffs' reasonable expenses incurred in moving under Rule 37 to compel responses to their interrogatories and production requests; this Court may not award Plaintiffs their expenses in moving to compel compliance with the Subpoena because Pajemola is not in contempt.  *See* Fed. R. Civ. P. 37(a)(5)(A); *S.E.C. v. Kimmes*, No. 89 C 5942, 1996 WL 734892, at *7-8 (S.D.N.Y. Dec. 24, 1996) (conducting thorough analysis of Rules 37 and 45 and concluding that subsection of Rule 37 requiring payment of movant's expenses "is inapplicable to motions to compel under Rule 45" and that Rule 45 authorizes a court to award costs against non-compliant party only when that party is held in contempt under Rule 45).

However, the Court may not award expenses without first giving Defendants CFS and Pajemola an "opportunity to be heard."  Fed. R. Civ. P. 37(a)(5)(A).  CFS and Pajemola had ample opportunity to object to Plaintiffs' motion to compel requesting expenses.  However, the Court will allow CFS and Pajemola 14 days from the date of this Order to (a) file *pro se* appearances or have counsel file appearances on their behalf, and (b) contest Plaintiffs' request for expenses.  If CFS and Pajemola do not file appearances within 14 days from the date of this Order and contest Plaintiffs' request for expenses, they will be defaulted under Fed. R. Civ. P. 55(a) and Plaintiffs shall be awarded their expenses in bringing this motion.

**V.     ORDERS**

1.  Plaintiffs' Motion to Compel (ECF No. 135) is GRANTED IN PART and DENIED IN PART.

2.  Defendants Pajemola and CFS are ORDERED to respond to Plaintiffs' interrogatories, production requests, and subpoena duces tecum within 14 days after the date of this Order in accordance with D. Conn. L. Civ. R. 37(d).

3.  Defendants Pajemola and CFS are ORDERED to file *pro se* appearances or have counsel file appearances on their behalf within 14 days after the date of this Order.

4.  Plaintiffs shall file a summary of their expenses, including attorneys' fees, incurred in bringing this motion excluding any expenses incurred in moving to compel compliance with the Subpoena under Rule 45.

5.  The Clerk shall mail a copy of this Order to Defendants Pajemola and CFS at the address set forth at page 3 of ECF No. 70.


SO ORDERED at Bridgeport, Connecticut this thirtieth day of April, 2015.


           /s/ Victor A. Bolden
           VICTOR A. BOLDEN
           UNITED STATES DISTRICT JUDGE