UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

EAST POINT SYSTEMS, INC.,        :
THOMAS MARGARIDO, JASON          :
MARGARIDO, AND PAUL TAFF         :
                                 :
   Plaintiffs,              :      CIVIL ACTION NO.:
                                 :      3:13-cv-00215-VAB
v.                               :
                                 :
STEVEN MAXIM, S2K, INC., MAXIM   :
ENTERPRISES, INC., MAXIM FIELD   :      MAY 18, 2015
SERVICE SUPPLY, INC., EDWIN      :
PAJEMOLA, AND CLEVELAND FIELD    :
SYSTEMS, LLC                     :
                                 :
   Defendants.              :

## ORDER GRANTING EXPENSES

On April 30, 2015, the Court ruled that Plaintiffs could recover reasonable

expenses incurred in making their successful motion to compel (ECF No. 135) if

Defendants Edwin Pajemola ("Pajemola") and Cleveland Field Systems, LLC ("CFS")

did not appear and contest Plaintiffs' request for those expenses within fourteen days,

and if Plaintiffs submitted a summary of those expenses.  (Ruling Pls.' Mot. Compel at

6, ECF No. 141.)  Pajemola and CFS have not appeared or contested Plaintiffs'

request, and Plaintiffs submitted a summary of their expenses.  Although Plaintiffs seek

$1,646.50 in expenses, for the following reasons, the Court orders Pajemola and CFS

to pay to the Plaintiffs $827.50.

The prevailing party on a motion to compel may recover "reasonable expenses

incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

An award of reasonable attorney's fees is typically calculated using the lodestar

methodology, which requires the court to determine counsel's reasonable hourly rate

and multiply it by the reasonable number of hours expended by counsel; that figure may then be adjusted in the district court's discretion. *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014); *Komondy v. Gioco*, No. 3:12 - CV - 250 CSH, 2015 WL 1311314, at *4 (D. Conn. Mar. 23, 2015) (applying Second Circuit's lodestar analysis to calculate reasonable attorney's fees with respect to motion to compel).

First, Plaintiffs note that attorney Jay Wolman typically bills at $295 per hour, is currently charging Plaintiffs only $200 per hour, and that Plaintiffs will be required to pay Mr. Wolman the $95 difference "[u]pon recovery in this matter." There has been no recovery in this matter. Therefore, the Court will use $200 as Mr. Wolman's reasonable hourly rate. *See, e.g.*, *Trustees of Iron Workers' Locals 15 & 424 Pension Fund v. Farmington Concrete Const. LLC*, No. 3:06CV1182 MRKWIG, 2006 WL 3791393, at *2 (D. Conn. Nov. 20, 2006) (attorney's hourly rate of $200 per hour was reasonable); *Evans v. State of Conn.*, 967 F. Supp. 673, 691 (D. Conn. 1997) (same) *aff'd*, 24 F. App'x 35 (2d Cir. 2001); *McInnis v. Town of Weston*, 458 F. Supp. 2d 7, 20 (D. Conn. 2006) (finding a rate of $200 per hour reasonable for an associate). The Court finds that the $125 hourly rate for paralegal Alexandra Thompson is reasonable. *See, e.g.*, *Tolnay v. Wearing*, No. CIV. 3:02CV1514EBB, 2007 WL 2727543, at *4 (D. Conn. Sept. 19, 2007) ($125 per hour for paralegal was reasonable).

Second, several of the time entries in Plaintiffs' billing records do not relate to the "making" of the motion to compel, including time entries for preparing the summary of expenses. *See RBS Holdings, Inc. v. Gordon & Ferguson, Inc.*, No. 06 CIV. 6404(HB)(KNF), 2007 WL 2936320, at *3 (S.D.N.Y. Oct. 4, 2007) (declining to award legal fees for task grouped with tasks not related to motion to compel); *Oxford Venture*

*Fund Ltd. P'ship v. CIT Grp./Equip. Fin., Inc.*, No. 89 CIV. 1836 (SWK), 1990 WL 176102, at *2 (S.D.N.Y. Nov. 5, 1990) ("[C]ertain specific entries in the time records of defendants' counsel do not relate to the subject matter of the motion to compel.  Rather they concern general discovery scheduling or depositions. . . . No fees will be awarded for these activities."); *Addington v. Mid-Am. Lines*, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (declining to award fees for time spent preparing affidavit of expenses incurred in filing motion to compel because "it was prepared after and in response to the Order Compelling Discovery.").  Accordingly, the Court will not award expenses for the following time entries:

1. 7/15/2014, AT, Edit correspondence to Mr. Pajemola/Cleveland Field Systems advising him that we will default if no response to discovery is received.

2. 11/12/2014, JW, Review order regarding dispositive motions against Pajemola.

3. 12/09/2014, JW, Correspond with counsel for Maxim regarding Pajemola and Maxim discovery obligations.

4. 5/05/2015, AT, Begin drafting our Summary of Expenses and Affidavit of Counsel.

5. 5/07/2015, JW, Review billing entries in preparation of fee submission.

6. 5/08/2015, JW, Draft summary of expenses relative to motion to compel per Court order.

Also, Plaintiffs included a time entry for "4/30/2015" but provided no billing record for that entry.  The Court will not award expenses for that entry.

After eliminating the above entries and multiplying the remaining entries by Mr. Wolman's hourly rate of $200 and Ms. Thompson's hourly rate of $125, as appropriate, the Court hereby orders Pajemola and CFS to pay to the Plaintiffs $827.50.

Finally, the Court noted in its April 30, 2015 order that if Pajemola and CFS did not appear within fourteen days, they would be defaulted.  Because Pajemola and CFS have not yet appeared, the Cerk shall enter defaults against them under Federal Rule of Civil Procedure 55(a).

SO ORDERED at Bridgeport, Connecticut this eighteenth day of May, 2015.


 /s/ Victor A. Bolden               
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE