IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EAST POINT SYSTEMS, INC., THOMAS MARGARIDO, JASON MARGARIDO, AND PAUL TAFF | ) CIVIL CASE NO. #3:13-cv-00215-VAB ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| STEVEN MAXIM, S2K, INC., MAXIM ENTERPRISES, INC., MAXIM FIELD SERVICE SUPPLY, INC., EDWIN PAJEMOLA, AND CLEVELAND FIELD SYSTEMS, LLC | ) ) ) ) ) |
| | ) |
| Defendants. | ) November 20, 2015 |

**MOTION <u>IN LIMINE</u>
TO PRECLUDE EXPERT TESTIMONY**

Steven Maxim, S2k, Inc., Maxim Enterprises, Inc., and Maxim Field Service Supply, Inc.

(collectively, "Maxim Defendants"), hereby move to preclude the testimony of Kevin Flaherty,

CPA, who has been disclosed as an expert witness by Plaintiffs in this matter (see Plaintiffs'

Notice of Expert Witnesses, dated May 16, 2014, attached as Exhibit A), because no written

report prepared by expert witness has been filed with the court or provided to Defendants.

Furthermore, even if this Court concludes that no report is required, Plaintiffs have not provided

the Maxim Defendants with a summary of the facts and opinions to which the witness is

expected to testify. <u>See</u> Fed. R. Civ. Pro. 26(a)(2)(C)(ii).

Standard of Review

The standard of review for a motion <u>in limine</u> is as follows:

The purpose of a motion <u>in limine</u> is to allow the trial court to rule in advance of trial on
the admissibility and relevance of certain forecasted evidence. Evidence should be

1

excluded on a motion <u>in limine</u> only when the evidence is clearly inadmissible on all potential grounds . . . . Courts considering a motion <u>in limine</u> may reserve judgment until trial, so that the motion is placed in the appropriate factual context.

<u>Vermont Mut. Ins. Co. v. Ciccone</u>, No. 3:09-cv-00445-VAB, 2015 WL 4094174, at *2 (D. Conn. July 7, 2015) (internal citations omitted).

## Argument

Federal Rule of Civil Procedure 26(a)(2)(B) provides in relevant part that "[u]nless otherwise stipulated or ordered by the court, [the disclosure required by Rule 26(a)(2)(A)] must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ." Fed. Rules of Civ. Pro. 26(a)(2)(B). Here, Defendants have never received a written report prepared by Kevin Flaherty containing the information as required by Rule 26(a)(2)(B)(i) – (vi), and therefore, the testimony of Kevin Flaherty should be precluded.

"The purpose of Rule 26(a) is to prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence . . . . Consequently, courts have repeatedly held that the automatic sanction for a violation of Rule 26(a) is preclusion." <u>Equant Integrations Servs., Inc. v. United Rentals (N. Am.), Inc.</u>, 217 F.R.D. 113, 117 (D. Conn. 2003) (citations and internal quotation marks omitted). "Preclusion is appropriate unless there is substantial justification for the failure[,] . . . the failure to make disclosure is harmless or the prejudice may be remedied by the party." <u>Id.</u> (internal citation and quotation marks omitted; alteration in original). <u>See also</u> <u>Softel, Inc. v. Dragon Med. and Scientific Commc'ns, Inc.</u>, 118 F. 3d 955, 961 (2d. Cir. 1998) ("In determining whether a district court has exceeded its discretion [in precluding certain expert testimony], we consider the following factors: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness;

(3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.")

In Equant, the court adopted a four-part test, analyzing the following: surprise or prejudice suffered by the moving party; the ability of that party to cure the prejudice; whether there was bad faith or willfulness in failing to comply with the court order; and whether waiver of the undisclosed witness rule is appropriate. Id. at 118 & n.6.  See also LaMarca v. United States, 31 F. Supp. 2d 110, 122 (E.D.N.Y. 1998) ("Expert testimony exceeding the bounds of the expert's report is excludable pursuant to Rule 37(c)(1)" of the Federal Rules of Civil Procedure.) (quoting In re Kreta Shipping, S.A., 181 F.R.D. 273, 275 (S.D.N.Y. 1998) (internal quotation marks omitted)). "This result is 'self executing' and is an 'automatic sanction' that is designed to provide a strong inducement for disclosure of relevant material that the disclosing party expects to use as evidence." Id. (quoting Fund Comm'n Svce., II, Inc. v. Westpac Banking Co., 1996 WL 469660, at *3 (S.D.N.Y. Aug. 16, 1996) (internal quotation marks omitted)).

Here, the Maxim Defendants will suffer severe surprise and prejudice because they have no forewarning of Mr. Flaherty's intended testimony at trial, they did not depose him because he never presented the required report and therefore they did not disclose a rebuttal expert, and the time for discovery is over. This prejudice cannot be cured prior to trial – starting in 17 days – because not enough time remains to conduct the required deposition and engagement of a rebuttal expert. Cf. Powerweb Energy, Inc. v. Hubbell Lighting, Inc., Civ. No. 3:12-CV-220 (WWE), 2014 WL 1572746 at *5 (D. Conn. Apr. 16, 2014) (giving party an opportunity to respond to a supplemental report.

Finally, even if this Court were to conclude that Kevin Flaherty is an expert witness who is not required to file a written report, Plaintiffs are required to make a summary disclosure

stating a summary of the facts and opinions to which the witness will testify. Fed. R. Civ. Pro.

26(a)(2)(C)(ii). In this instance, Plaintiffs have not done so. As a result, Mr. Flaherty should not

be permitted to testify as an expert witness at trial.

Based on the foregoing, the Maxim Defendants request that the court preclude the

testimony of Kevin Flaherty.

Respectfully submitted,

Defendants Steven Maxim,
S2k, Inc., Maxim Enterprises, Inc., and
Maxim Field Service Supply, Inc.


/s/ Brian O'Donnell
Brian O'Donnell
Federal Bar No. ct16041
Mary Mintel Miller
Federal Bar No. ct28994
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT  06103
Phone 860.278.1150
Fax 860.240.1002
bodonnell@rrlawpc.com
mmiller@rrlawpc.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing was filed electronically on this 20th day of November, 2015.  Notice of filing was sent by electronic service to those parties receiving notices through the Court's CM/ECF system, and regular U.S. mail, postage prepaid, to those who do not.

/s/ Mary Mintel Miller
Mary Mintel Miller
(Federal Bar No. ct28994)