IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EAST POINT SYSTEMS, INC., et al. ) | CIVIL ACTION NO. 3:13-cv-00215-VAB |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | |
| ) | |
| STEVEN MAXIM, et al. ) | |
| ) | |
| Defendants ) | MAY 9, 2016 |

**MOTION FOR EXTENSION OF TIME TO REPLY TO
PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**

Pursuant to Rule 7(b) of the Local Rules of Civil Procedure, Defendants Steven Maxim, S2K, Inc., Maxim Enterprises, Inc., and Maxim Field Service Supply, Inc. (collectively, "Maxim Defendants") hereby move for an extension of time within which to address Plaintiffs' motion seeking to recover attorneys' fees, on the ground that that motion is premature because Plaintiffs' motion to amend the Court's judgment has postponed the deadline for motions addressing fees.

Specifically, Maxim Defendants here seek an extension of time to file their memorandum in opposition to the "Plaintiffs' Motion for Attorney's Fees" ("Plaintiffs' Rule 54 Motion") (Dkt. No. 219) filed by East Point Systems, Inc., Thomas Margarido, Jason Margarido and Paul Taff (collectively, "Plaintiffs") on April 29, 2016.  In support of this motion, Maxim Defendants state:

1.     Maxim Defendants prevailed at trial with respect to several counts of Plaintiffs' complaint that provided for an award of attorneys' fees to the prevailing party, and thus Maxim Defendants intend to file a motion for such fees ("Defendants' Rule 54 Motion").

2.     On April 27, 2016, "Plaintiffs' Motion for Amended Findings Pursuant to FRCP 52(b) and to Alter or Amend Judgment Pursuant to FRCP 59(e)" ("Plaintiffs' Rule 52/59 Motion") (Dkt. No. 218) was filed.

3.      In Watrous v. Borner, 955 F. Supp. 2nd 84, 88 (D. Conn. 2014), the Court noted that the filing of a motion to amend suspends the deadline for a motion to recover attorneys' fees:

> The Advisory Committee Notes to Rule 54 explicitly state, "A new period for filing will automatically begin if a new judgment is entered following . . . the granting of a motion under Rule 59." Fed. R. Civ. P. 54. Likewise, the Second Circuit has held that, "because the finality of a judgment is negated by the timely filing of a motion under Rule 50(b), 52(b), or 59, . . . a Rule 54(d)(2)(B) motion is timely if filed no later than 14 days after the resolution of such a Rule 50(b), 52(b), or 59 motion." Weyant v. Okst, 198 F.3d 311, 315 (2d Cir. 1999). Hence, under Weyant, a party's motion for attorney's fees is timely, unless filed outside the fourteen-day window following the court's last ruling on any pending Rule 50(b), 52(b), or 59 motions – a window which, in this District, is extended to thirty days under Local Rule 11.

Accordingly, due to the pendency of Plaintiffs' Rule 52/59 Motion in this matter, the deadline for the Maxim Defendants' Rule 54 Motion has been extended to 30 days after the Court's resolution of Plaintiffs' Rule 52/59 Motion.

4.      Pursuant to Rule 7(a)(1) of the Local Rules of Civil Procedure, Maxim Defendants' present deadline for filing their memorandum in opposition to Plaintiffs' Rule 52/59 Motion is May 18, 2016, and Maxim Defendants' present deadline for filing their memorandum in opposition to the Plaintiffs' Rule 54 Motion is May 20, 2016.

5.      In the interest of judicial economy, and to avoid a piecemeal approach to the resolution of related issues in this matter, Maxim Defendants believe that Plaintiffs' Rule 54 Motion and Maxim Defendants' Rule 54 Motion should be addressed by the Court at the same time.

6.      This is Maxim Defendants' first Motion for Extension of Time with respect to Plaintiff's Rule 54 Motion.

7.     Maxim Defendants have inquired and Plaintiffs' counsel has stated that Plaintiffs are not willing to agree to Maxim Defendants' requested extension of time.

Given the foregoing circumstances, Maxim Defendants respectfully move for an extension of time as built into the following schedule:

- On or before May 18, 2016, Maxim Defendants will file their memorandum in opposition to Plaintiffs' Rule 52/59 Motion (which is the deadline provided by the Rules);

- Maxim Defendants' Rule 54 Motion will be due 30 days after the Court resolves Plaintiffs' Rule 52/59 Motion;

- Both parties' opposition briefs – Plaintiffs' memorandum in opposition to Maxim Defendants' Rule 54 Motion, and Maxim Defendants' memorandum in opposition to Plaintiffs' Rule 54 Motion – will be due 21 days after the filing of Maxim Defendants' Rule 54 Motion.

DEFENDANTS
STEVEN MAXIM, S2K, INC., MAXIM ENTERPRISES, INC., AND MAXIM FIELD SERVICE SUPPLY, INC.

/s/ Mary Mintel Miller
Brian O'Donnell
Federal Bar No. ct16041
Mary Mintel Miller
Federal Bar No. ct28994
Reid and Riege, P.C.
One Financial Plaza
Hartford, CT  06103
Phone 860.278.1150
Fax 860.240.1002
bodonnell@rrlawpc.com
mmiller@rrlawpc.com

23120.000/648610.2

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 9th day of May, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ Mary Mintel Miller
      Mary Mintel Miller

23120.000/648610.2