IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EAST POINT SYSTEMS, INC., THOMAS MARGARIDO, JASON MARGARIDO, AND PAUL TAFF <br><br> Plaintiffs, <br><br> vs. <br><br> STEVEN MAXIM, S2K, INC., MAXIM ENTERPRISES, INC., MAXIM FIELD SERVICE SUPPLY, INC., EDWIN PAJEMOLA, AND CLEVELAND FIELD SYSTEMS, LLC <br><br> Defendants. | ) CIVIL CASE NO. 3:13-cv-00215-VAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) May 11, 2016 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**POST-JUDGMENT MOTION FOR PRE-JUDGMENT REMEDY**

Pursuant to section 52-278a et seq. of the Connecticut General Statutes, Defendants Steven Maxim and S2K, Inc., and Maxim Enterprises, Inc., (collectively, "Defendants") hereby apply for a prejudgment remedy against Plaintiffs East Point Systems, Inc. ("East Point"), in the form of an attachment of East Point assets sufficient to secure an expected payment of at least $457,700.[2]

The basis of this motion is that Defendants prevailed in litigation against East Point with respect to three substantively identical contracts that require an award of "all costs and expenses, including attorney's fees" to the prevailing party, which exceed $400,000, and further because East Point was ordered to pay S2K $57,700 in exchange for shares in East Point. (Affidavit of Mary Mintel Miller ("Miller Aff."), ¶¶ 5, 7-11.)

Although the statutes permit the granting of a "prejudgment remedy," such a remedy is appropriate even after judgment. See Sotavento Corp. v. Coastal Pallet Corp., No.

---

[2] A fourth defendant associated with Mr. Maxim, Maxim Field Services Supply, Inc., was not a party to the contracts here at issue and is not a party to this motion.

23120.000/648285.2                                4

X08FSTCV044004519S, 2010 WL 1052946, at *2 (Conn. Super. Ct. Feb. 19, 2010). The statute permits a claimant to get a prejudgment remedy to secure an anticipated judgment if the claimant has "probable cause." General Statutes § 52-278d(a). "Probable cause" for purposes of the prejudgment remedy statutes "is a flexible common sense standard that does not demand that a belief be correct or more likely true than false." TES Franchising, LLC v. Feldman, 286 Conn. 132, 137 (2008); see also Ledgebrook Condo. Ass'n, Inc. v. Lusk Corp., 172 Conn. 577, 584 (1977) ("Proof of probable cause as a condition of obtaining a prejudgment remedy is not as demanding as proof by a fair preponderance of the evidence." Probable cause is "a bona fide belief in the existence of facts essential under the law for the action, such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." TES Franchising, 286 Conn. at 137.

Here, where the Court (1) has already ruled in favor of Defendants with respect to contracts that provide for payment of attorneys' fees, and (2) has directed payment of a particular dollar amount in exchange for shares, Defendants certainly can meet the "probable cause" standard with respect to the remedy sought. See Sotavento, 2010 WL 1052946, at *2 ("the probable cause standard is more than satisfied because the court has already entered judgment").

In the case at bar, on March 30, 2016, judgment entered in favor of Defendants against East Point with respect to several counts of East Point's Complaint. (Miller Aff., ¶ 3.) Of relevance here, Defendants prevailed with respect to Counts Two, Three and Four, which alleged breaches of three contracts all substantively the same and each titled "East Point Systems, Inc., Confidentiality and Non-Competition Agreement" (the "Contract"). (Miller Aff., ¶ 7-8.) The Contract was between East Point and the Defendants who are making this motion. (See Trial Ex. 2 (contract signed by S2K); Trial Ex. 3 (contract signed by Mr. Maxim individually); and Trial Ex. 14 (contract signed by Mr. Maxim individually and by Maxim Enterprises, Inc. ("MEI").)

None of the copies offered into evidence by East Point was actually signed by East Point, but East Point sued and sought damages pursuant to the Contract, so it cannot very well deny having been a party to the Contract.

The Contract contains this provision:

> In the event of litigation relating to the enforcement of this Agreement. the prevailing party is entitled to reimbursement from the non-prevailing party for all costs and expenses, including attorney's fees, incurred in such litigation.

(Contract ¶ 4.)

Defendants incurred legal fees in excess of $400,000 defending the claims that East Point made with respect to the Contract. (See Miller Aff., ¶ 9.) East Point and the other plaintiffs sought recovery pursuant to several theories, stated in fifteen counts of the Complaint. But the same legal effort to defend the claims pursuant to Counts Two, Three, and Four would largely still have been required to defend all fifteen counts. (See Miller Aff., ¶ 10.) The factual and legal issues of all counts of the plaintiffs' complaint are so intertwined as to warrant such a result.

A District Court may refuse to apportion "an award of attorney's fees based on the success or failure of the [party seeking such fees] on particular issues where the facts and legal theories are interrelated." Tomick v. United Parcel Serv., Inc., 135 Conn. App. 589, 624 (2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 438 (1983)). "[W]hen certain claims provide for a party's recovery of contractual attorney's fees but others do not, a party is nevertheless entitled to a full recovery of reasonable attorney's if an apportionment is impracticable because the claims arise from a common factual nucleus and are intertwined." Total Recycling Servs. of CT, Inc. v. Connecticut Oil Recycling Servs., LLC, 308 Conn. 312, 333 (2013); MacDermid Printing Solutions, LLC v. Cortron Corp., No. 3:08-cv-01649(MPS) 2015 WL 575139, at *1 (D. Conn. Feb. 11, 2015) (same, quoting Total Recycling).

Here, all of Plaintiffs' claims centered on a common factual nucleus, and Defendants cannot practicably apportion their legal work among particular claims, at least for the most part. Therefore, Defendants seek an award of nearly all their legal fees. Notwithstanding the foregoing, where it <u>was</u> possible for Defendants to identify particular work devoted only to counts that are not here at issue, Defendants have done so and are not seeking to recover such fees or a prejudgment remedy to secure them. Entries relating to such work are redacted from Defendants' legal bills. (See Miller Aff., ¶ 10.) Defendants here seeking to recover legal fees for work spanning approximately five years, from commencement of a predecessor action in Connecticut Superior Court in May 2011 through the next weeks or months as the parties address Plaintiffs' motion to amend the judgment.

In addition to East Point's claims pursuant to the Contract, East Point also was ordered to pay $57,700 to S2K in exchange for shares of East Point held by S2K. (Id. at ¶ 5.) Thus, the total payment to Defendants is likely to include the legal fees – in excess of $400,000 – plus the $57,700 for the East Point shares. (Id. at ¶11.)

The statute requires the court to grant a prejudgment remedy after taking into account "defenses, counterclaims or set-offs." General Statutes §52-278d(a). On April 29, 2016, Plaintiffs made a motion for attorneys' fees of $337,972.79, under paragraph 4.0 of the Software Source Code and Indemnity Agreement.[3] (Id. at ¶ 12.) The agreement provides for indemnification <u>only</u> with respect to misuse of "Source Code," stating: "[MEI] shall indemnify [EPS] against any costs that result from the unauthorized use of the Source Code." (Id.) The Agreement expressly anticipates that it could apply to things other than "Source Code," stating:

---

[3] Plaintiffs made this motion against all Defendants, despite the fact that the Software Source Code Access and Indemnity Agreement was executed only by MEI and Plaintiffs did not prevail on its claim of breach at trial. Plaintiffs did not prove that the asserted breach caused their damages, nor did they prove damages with reasonable certainty. (Dkt. 214, at 21-22.) Proof of damage is a required element of a contract claim in Connecticut. Meyers v. Adler, Pulda, Meiklejohn and Kelly, P.C., 311 Conn. 282, 291 (2014).

"The LICENSEE shall not use, rent, lease, sell, or otherwise dispose of the Source Code, related documentation, <u>or any other item</u> made available to them hereunder except as may be provided In this Agreement." (Id. (emphasis added).) The Court did not find that there was any unauthorized use of "the Source Code," but, rather, of "any other item" (i.e., <u>not</u> the Source Code) under paragraph 3.0. (Id.)

Furthermore, the Court found that Plaintiffs' Complaint "does not assert an indemnification claim under paragraph 4.0 against any Defendant, and a party may not amend its complaint through arguments in briefs." (Id. at ¶ 13.) Therefore, East Point has no set-offs or special defenses that would reduce the amount it owes to the Defendants. Defendants will address Plaintiffs' motion for fees in full by the deadline to respond, which based on the Court's recent ruling will be in mid-July at the earliest.

The statutes require the filing of certain forms, including a "proposed unsigned writ, summons and complaint." Conn. Gen. Stat. §52-278c(a). Given that Defendants here are not seeking an attachment prior to commencing an action, but are seeking to secure amounts due pursuant to a judgment, and that this Court is generally not bound by Connecticut procedure, Defendants have not here submitted the referenced documents.

In light of the foregoing, Defendants here seek the following prejudgment remedies:

a. To attach the real and personal property, including bank accounts, of East Point as shall be disclosed in response to Defendants' motion for disclosure of assets;

b. To garnish such person or entities disclosed by East Point as being the agents, trustees or debtors of East Point and having concealed in their possession property of defendants and being indebted to any of them, individually or collectively; and

c. In the event that the Court finds this attachment to be premature, the right to discovery regarding East Point's assets.

For the foregoing reasons, Defendants respectfully request that the Post-Judgment Motion for Prejudgment Remedy be granted.

                          **Defendants Steven Maxim,**
                          **S2k, Inc., and Maxim Enterprises, Inc.**

By:   /s/ Mary Mintel Miller
        Brian O'Donnell
        Federal Bar No. ct16041
        Mary Mintel Miller
        Federal Bar No. ct28994
        Reid and Riege, P.C.
        One Financial Plaza
        Hartford, CT 06103
        P: 860-278-1150
        F: 860-240-1002
        bodonnell@rrlawpc.com
        mmiller@rrlawpc.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on this 11th day of May, 2016. Notice of filing was sent by electronic service to those parties receiving notices through the Court's CM/ECF system. The undersigned further certifies the Motion was sent by regular U.S. mail, postage prepaid, to:

Mr. Edwin Pajemola and Cleveland Field Systems, LLC
4223 Morely Drive
Reminderville, OH 44202

/s/ Mary Mintel Miller
Mary Mintel Miller